```
      IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                 JACKSON DIVISION
```

**DERWIN ROGERS, #L2701**                                      **PLAINTIFF**

VS.                                       CIVIL ACTION NO.3:04-CV-597BN

**WIRT PETERSON, JAMES NEWMAN,**
**SHERIFF, AND FRANKLIN COUNTY**                              **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on the following Motions of Defendant Wirt Peterson:

1. Motion to Dismiss, filed on November 2, 2005 [docket entry no. 51]; and

2. Motion for Contempt and to Dismiss, filed on December 5, 2005 [docket entry no. 59].

Having considered the Motions, Response,[1] Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds as follows:

1. The Motion to Dismiss, filed on November 2, 2005 [docket entry no. 51], is not well taken and should be denied.

2. The Motion for Contempt and to Dismiss, filed on December 5, 2005 [docket entry no. 59], is well taken in part and

---

[1] Plaintiff Derwin Rogers, who is proceeding *pro se*, filed a "Motion in Opposition to Defendant Wirt Peterson's Motion to Dismiss" on November 14, 2005 [docket entry no. 57], which the Court will construe as a Response to Defendant Peterson's Motion to Dismiss. Plaintiff did not respond to the Motion for Contempt and to Dismiss.

> not well taken in part and should be granted in part and denied in part.

## I. Motion to Dismiss

**I.A.  Factual Background and Procedural History**

In the Opinion and Order filed on October 31, 2005, under docket entry no. 50, the Court set forth the facts of this case as follows:

> Plaintiff, an inmate currently incarcerated in the Mississippi Penitentiary in Parchman, Mississippi, brings this 42 U.S.C. § 1983 suit against Defendants Wirt Peterson, President of the Southwest Planning and Development District; Natchez, Mississippi; James Newman, Sheriff of Franklin County; and Franklin County. In his Complaint, Plaintiff alleges that he operated a child care center at his church in Franklin County, Mississippi.[2] With the intent of opening a new child care center, Plaintiff bid on a property known as "Plantation House." Plaintiff further alleges that Defendant Peterson also bid on the same property. To prevent Plaintiff from acquiring the property, Plaintiff claims that Peterson conspired with Newman, Franklin County Prosecutor Debbie Halford, and Franklin County Justice Court Judge Ray Emfinger in having Plaintiff charged and arrested for embezzlement and falsifying documents. Plaintiff was also charged with and eventually convicted on four counts of forcible rape of a minor.
> Plaintiff asserts that the embezzlement and falsifying documents charges were never prosecuted and were eventually dismissed. As a result of his arrest on those charges, Plaintiff claims that the Mississippi Department of Human Services ("DHS") denied him funding that would have partially financed "Plantation House." Citing a violation of the Fourteenth Amendment of the Constitution of the United States,[3] Plaintiff alleges that he was deprived of his "constitutional guaranteed

>liberty interest" as the conspiracy prevented him from obtaining "Plantation House."

(Footnotes omitted). Peterson now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims against him. Peterson argues that dismissal is appropriate because he is not a "state actor" and therefore is not amenable to a § 1983 claim.

**I.B.  Legal Standard**

Motions for dismissal under 12(b)(6) are "viewed with disfavor" and "rarely granted." Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)). The court must interpret the complaint liberally in the plaintiff's favor, taking all facts pleaded in the complaint as true. Lowrey, 117 F.3d at 247 (quoting Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986)). Dismissal is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (quoted in Lowrey, 117 F.3d at 247); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995). "However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th

Cir. 1995) (ellipsis in original) (quoting Wright & Miller, <u>Federal Practice & Procedure: Civil 2d</u> § 1216 at 156-59).

**I.C. Analysis**

Citing an Opinion issued by the Attorney General of Mississippi, Peterson argues that a Planning and Development District ("PDD") is a "non-profit corporation and not a unit of State or local government." Motion to Dismiss, pp. 2-3 (quotations omitted). Peterson therefore urges that Southwest PDD is a private entity and is not a state actor for purposes of § 1983. Because Southwest PDD is not a state actor, Peterson reasons that he is also not a state actor.

Even assuming Southwest PDD is a private entity that does not perform a traditional public function, Peterson nonetheless could have acted "under color of law" in light of Plaintiffs conspiracy allegations. The United States Court of Appeals for the Fifth Circuit has held that "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." <u>Ballard v. Wall</u>, 413 F.3d 510, 518 (5th Cir. 2005) (citing <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150-52 (1970)). "The proper test for determining whether a private party is amenable to suit under section 1983 is whether the party was 'a willful participant in joint action with the State or its agents.'"

Pete v. Metcalfe, 8 F.3d 214, 216 (5th Cir. 1993) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)).

Plaintiff has alleged that Peterson conspired with Franklin County officials to have him arrested. However, Peterson argues that Plaintiff has made only conclusory allegations of a conspiracy and therefore has not sufficiently plead a § 1983 conspiracy claim. The Court disagrees. The liberal notice pleading standard of the Federal Rules does not change in a § 1983 case. As the Fifth Circuit has explained, "litigants may plead generally and discover the precise factual basis for their claim through equally liberal pretrial discovery procedures." O'Quinn v. Manuel, 773 F.3d 605, 608 (5th Cir. 1985). The Court finds that Plaintiff has sufficiently alleged in his Complaint that Peterson willfully participated in a joint action with Franklin County officials to deprive him of his constitutional rights.

Accordingly, the Motion to Dismiss of Peterson is not well taken and is denied.

## II. Motion for Contempt and to Dismiss

Peterson also moves the Court to hold Plaintiff in contempt and to dismiss the Amended Complaint due to Plaintiff's failure to submit his Rule 26(a)(1) initial disclosures. Peterson contends that Plaintiff failed to comply with the Case Management Order ("CMO"), which provided that the parties must submit their initial disclosures by September 9, 2005. Because Plaintiff has yet to

5

produce his initial disclosures, Peterson contends that the Court should hold Plaintiff in contempt and dismiss the Complaint pursuant to Rule 37(b)(2)(C). Peterson also submits a Certificate of Good Faith with his Motion. Attachment "B" to Motion for Contempt and to Dismiss.

The Court finds that the requested sanctions are premature as Plaintiff should have first made a motion for order compelling the disclosures pursuant to Rule 37(a)(2). Rule 37(a)(2) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." However, because Peterson has complied with the Rule 37(a)(2) requirement to confer in good faith with Plaintiff, the Court will construe Peterson's Motion as a Motion for Order Compelling Disclosure. Plaintiff is therefore ordered to submit to Defendants the initial disclosures outlined in Rule 26(a)(1) on or before January 31, 2006. Plaintiff's failure to comply with this Order could result in further sanctions, including dismissal of the case.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion to Dismiss of Defendant Wirt Peterson, filed on November 2, 2005 [docket entry no. 51], is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the Motion for Contempt and to Dismiss of Defendant Wirt Peterson, filed on December 5, 2005 [docket entry no. 59], is well taken in part and not well taken in part and is hereby granted in part and denied in part. The Motion is denied in that the relief requested by Defendant Wirt Peterson is premature. The Motion is granted in that the Court hereby orders Plaintiff Derwin Rogers to send the initial disclosures outlined in Rule 26(a)(1) of the Federal Rules of Civil Procedure to Defendants on or before January 31, 2006.

IT IS FURTHER ORDERED that the Clerk of the Court should term docket entry no. 57.

SO ORDERED this the 20th day of January, 2006.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE


blj