**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


DERWIN ROGERS, #L2701                                      PLAINTIFF

VS.                               CIVIL ACTION NO. 3:04CV597-WHB-JCS

WIRT PETERSON, JAMES NEWMAN,
SHERIFF, AND FRANKLIN COUNTY                               DEFENDANTS


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion for Summary
Judgment of Defendant Franklin County, and Wirt Peterson's Motion
for Summary Judgment.  Having considered the Motions, to which
Plaintiff failed to respond, the Court finds that they are well
taken and should be granted.[1]

**I.  Factual Background and Procedural History**

Plaintiff, an inmate currently incarcerated in the Mississippi
Penitentiary in Parchman, Mississippi, brings this 42 U.S.C. § 1983
suit against Defendants Wirt Peterson, President of the Southwest

---

[1]As Plaintiff is proceeding in this case *pro se*, her pleadings
must be liberally construed. <u>Pena v. United States of America</u>, 122
F.3d 3, 4 (5th Cir. 1997).  The Court also notes that ordinarily,
a motion may be granted as unopposed if a party fails to submit a
response to the motion. Rule 7.2(C)(2) of the Uniform Local Rules
of the United States District Courts for the Northern and Southern
Districts of Mississippi.  However, if the motion in question is
for summary judgment, a court must consider the motion on the
merits, regardless of whether the opposing party responds. <u>Id.</u>
Under the standard set forth in Local Rule 7.2(C)(2), the Court
must consider Defendants' Motions for Summary Judgment on the
merits.

Planning and Development District, Natchez, Mississippi; James Newman, Sheriff of Franklin County;[2] and Franklin County. In his Complaint, Plaintiff alleges that he operated a child care center at his church in Franklin County, Mississippi.[3] With the intent of opening a new child care center, Plaintiff purportedly bid on a property known as "Plantation House."  Plaintiff further alleges that Defendant Peterson also bid on the same property. To prevent Plaintiff from acquiring the property, Plaintiff claims that Peterson conspired with Newman, Franklin County Prosecutor Debbie Halford, and Franklin County Justice Court Judge Ray Emfinger in having Plaintiff charged and arrested for embezzlement and falsifying documents. Plaintiff was also charged with and eventually convicted on four counts of forcible rape of a minor.

Plaintiff asserts that the embezzlement and falsifying documents charges were never prosecuted and were eventually dismissed. As a result of his arrest on those charges, Plaintiff claims that the Mississippi Department of Human Services denied him funding that would have partially financed  "Plantation House." Citing a violation of the Fourteenth Amendment of the Constitution of the United States, Plaintiff alleges that he was deprived of his "constitutional guaranteed liberty interest" as the conspiracy

---

[2]Sheriff Newman has been dismissed from this case. See, Opinion and Order, docket entry no. 50.

[3]Plaintiff's Amended Complaint, filed September 28, 2004, is the operative Complaint in this action.

prevented him from obtaining "Plantation House." Plaintiff also asserts a violation of his Sixth Amendment right of confrontation.

The two remaining Defendants, Peterson and Franklin County, now move for dismissal.  The Motions are ripe for consideration.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of

material fact.  Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  Id. at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence."  Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Analysis

Plaintiff's claims are based 42 U.S.C. § 1983.  To begin this analysis, the provisions of § 1983 must be set forth.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

person within the jurisdiction thereof to the deprivation
of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other
proper proceeding for redress, except that in any action
brought against a judicial officer for an act or omission
taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree
was violated or declaratory relief was unavailable. For
the purposes of this section, any Act of Congress
applicable exclusively to the District of Columbia shall
be considered to be a statute of the District of
Columbia.

42 U.S.C. § 1983.

In summary, under § 1983, a person acting under the color of
state law is barred from depriving another of any rights secured by
the United States Constitution or laws derivative therefrom.  In
the subject case, Plaintiff contends that his "constitutional
guaranteed liberty interest" was denied because the alleged
conspiracy prevented him from obtaining "Plantation House."  The
Court reasonably assumes that Plaintiff is contending that he was
denied his fundamental right to own property through the alleged
conspiracy activities of Defendants.

The property in issue is Plantation House.  A necessary
element of Plaintiff's claim is that he actually placed a bid on
Plantation House, as he claims in the Complaint.  He made no such
bid.  As Defendants point out, a nonprofit corporation known as
Cities of Faith actually placed the bid on the property.  Although
Plaintiff may have been associated with Cities of Faith, Plaintiff
himself made no efforts on his own behalf to purchase the property

in issue.  Accordingly, Plaintiff was not denied his right to own property.

To the extent that Plaintiff claims that his liberty rights were violated through the arrest for embezzlement and falsifying documents, that argument is also without merit.  The embezzlement and falsifying documents charges were placed before a Grand Jury, and a True Bill was returned by the Grand Jury in May of 2002. This provides a clear indication that probable cause existed for the arrest.

Plaintiff finally asserts that his Sixth Amendment right to confront witnesses was violated.  Simply stated, the facts of this case support no such claim.  The Sixth Amendment claim is found to be without merit.

### III.  Conclusion

Based on the holdings presented above, the Court finds that no genuine issues of material fact are presented by the claims in this case.  Defendants' Motions for Summary Judgment must be granted, and this case must be dismissed.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendant Franklin County (docket entry no. 87), and Wirt Peterson's Motion for Summary Judgment (docket entry no. 89) are hereby granted.  A Final Judgment will be entered which dismisses this case with prejudice.

SO ORDERED this the 27th day of June, 2006.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE

tct